**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
ROY CHEN,

                Plaintiff,

-against-

F&T GROUP and TDC DEVELOPMENT & CONSTRUCTION CORP. and F&T NANJING WTC (CAYMAN) CORP. and F&T (NANJING) WORLD TRADE CENTER CORP. and GCPF HEXI HOLDING CORP.,

                Defendants.

------------------------------------------------------------X

**AMENDED ANSWER ON BEHALF OF DEFENDANTS F&T GROUP, TDC DEVELOPMENT & CONSTUCTION CORP., AND F&T NANJING WTC (CAYMAN) CORP.**

Judge Raymond Dearie
Magistrate Judge Cheryl Pollak
Case No. 09-2944

    Defendants F&T Group, TDC Development & Construction Corp. ("TDC"), and F&T Nanjing WTC (Cayman) Corp. ("F&T Cayman") (the "answering defendants"):

    1.  Deny knowledge or information sufficient to form a belief as to each and every allegation of paragraphs 1, 18, 31, 38 and 43.

    2.  Deny each and every allegation of paragraphs 2, 9, 22, 23, 27, 28, 32, 33, 39, 40, 44, 45 and 46.

    3.  With respect to paragraph 3, deny that defendant "F&T Cayman" has an office located at 136-20 38th Avenue in New York City.

    4.  With respect to paragraph 4, allege that the accurate name of defendant "F&T Nanjing" is F&T (Nanjing) World Trade Center Inc, and deny that F&T Nanjing has an office located at 136-20 38th Avenue in New York City.

1

5. With respect to paragraph 5, deny that defendant "GCPF Hex" has an office located at 245 Park Avenue in New York City.

6. Deny each and every allegation of paragraphs 10, 11, 12, 13, 21 and 26 except refer to the January 18, 2007, agreement between TDC and plaintiff Chen for an accurate statement of its terms.

7. Deny knowledge or information sufficient to form a belief as to each and every allegation of paragraph 14, except deny that plaintiff Chen arranged an investment opportunity in China for GCPF with any of the answering defendants.

8. With respect to paragraph 15, deny knowledge or information sufficient to form a belief as to the first sentence, and deny each and every allegation of the second and third sentences.

9. With respect to paragraph 16, deny each and every allegation except refers to the November 30, 2007, agreement identified in paragraph 16 for an accurate statement of its parties and terms.

10. With respect to paragraph 17, deny each and every allegation of the first sentence except refers to the incorporation documents of F&T Nanjing and F&T Cayman for an accurate statement of the parties forming them, and deny knowledge or information sufficient to form a belief as to the meaning of the third sentence so as to be able to deny or admit its allegations.

11. With respect to paragraph 19, admit plaintiff Chen has made requests and deny that the answering defendants have any obligation, pursuant to the "consulting agreement" or otherwise, to pay plaintiff Chen a finder's fee

12. With respect to paragraphs 24, 29, 34, 41 and 47 admit that plaintiff Chen makes the demands as described, and deny that plaintiff Chen is entitled to any judgment against the answering defendants or any of them.

13. With respect to paragraph 36, deny that F&T Cayman and F&T Nanjing are subsidiaries of F&T Group, and refer to the documents relevant to the formation of defendant GCPF Hexi for an accurate identification of the entities that formed it.

14. Deny each and every allegation of paragraph 37, except deny knowledge or information sufficient to form a belief as to whether the entities that formed GCPF Hexi received information from defendant TDC.

### FIRST AFFIRMATIVE DEFENSE

15. With respect to Count I of plaintiff's complaint, defendant TDC satisfied its obligations under its agreement with Chen.

16. Under the agreement, Chen's salary was $3,000 per month; however, the agreement was prorated during the first month of the contract because Chen's employment began on January 18, 2007 and ended on December 31, 2007.

17. Therefore, Chen earned $1,354.84 for fourteen (14) days of work during January 2007.

18. Defendant TDC satisfied its obligations to Chen by paying him $1,354.84 for his services during January 2007.

### SECOND AFFIRMATIVE DEFENSE

19. Plaintiff served a receptionist employed by defendant TDC, whom plaintiff's process service wrongfully claimed was "managing agent" of the answering defendants.

20. Therefore, plaintiff's complaint against defendants F&T Group and F&T Cayman should be dismissed under FRCP 12(b)(4) and (5).  (Defendant TDC does not contest personal jurisdiction or assert service of process defects.)

21. F&T Group and F&T Cayman lack the minimum contacts with New York required for this Court to assert personal jurisdiction over it, and the action should be dismissed pursuant to FRCP 12(b)(2) as to all the answering defendants except TDC.

### THIRD AFFIRMATIVE DEFENSE

22. With respect to Count II, plaintiff has failed to state a claim upon which relief can be granted because Chen did not allege that the equity in question was "committed" to or "accepted" by defendant TDC, conditions precedent to Chen earning a finder's fee.

### FOURTH AFFIRMATIVE DEFENSE

23. With respect to Counts IV and V, plaintiff has failed to state a claim upon which relief can be granted because plaintiff did not allege the existence of any writing between him and F&T Group or F&T Cayman as is required by N.Y. Gen. Oblig. Law § 5-701.

### FIFTH AFFIRMATIVE DEFENSE

24. Counts III and V of plaintiff's complaint should be dismissed for failure to state a claim upon which relief can be granted because Chen does not allege that the amounts in question have been "committed" to or "accepted" by TDC (or any other answering defendant), conditions precedent to Chen earning a finder's fee.

### SIXTH AFFIRMATIVE DEFENSE

25. Plaintiff's claims against the alleged defendant "F&T Group" should be dismissed for failure to state a claim upon which relief can be granted because there is no legal entity or company by the name of "F&T Group."

Wherefore, it is respectfully requested that this Court dismiss the summons and complaint against the answering defendants and grant them such other and further relief as shall be just and equitable, including attorney's fees.

October 13, 2009

    /s/   Peter G. Eikenberry
**PETER G. EIKENBERRY** (3684)
*Attorney for defendants F&T Group, TDC, and F&T Cayman*
74 Trinity Place, Suite 1609
New York, New York 10006
(212) 385-1050 (T)
(212) 385-1017 (F)
pete@eikenberrylaw.com