# THE LAW OFFICE OF
# MICHAEL A. MARKOWITZ, P.C.

1553 Broadway
Hewlett, NY 11557-1427
Telephone: (516) 295-9061
Telecopier: (516) 374-3314
E-Mail: attorney@mampc.net

Michael A. Markowitz
Sharon Azmon (Paralegal)

Of Counsel
Steven H. Sewell, P.C.
Richard A. Dubi, P.C.
Jeffrey E. Litman, Esq.

October 14, 2009

Via Mail and ECF
The Honorable Raymond J. Dearie
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    Chen v. F&T Group, et. al.  (Case No. 09-2944)

Honorable Sir:

I am the attorney for the plaintiff Roy Chen. I send this letter in response to Mr. Jacob S. Pultman's October 13, 2009 letter.

Mr. Pultman seeks permission to file a motion to dismiss under Rule 12(b)(2). However, there has been no Rule 26 disclosure and the parties have not conducted a Rule 26(f) conference. Through document production and depositions, the plaintiff will demonstrate that this Court has personal jurisdictions over the defendants since:

1. The defendants entered into a Members' Agreement in or about June 2008 ("Members' Agreement") requiring all notices to be delivered to an office located in New York. The address of each office set forth in the Members' Agreement was listed in the complaint.

2. New York law is the governing law under the Members' Agreement. The individual defendants agreed to jurisdiction in New York if there is a dispute under the Members' Agreement.

Michael A. Markowitz
Attorney at Law

Page 2 of 3
Re: Chen v. F&T Group
October 14, 2009

3. The Members' Agreement was drafted by attorneys retained in New York, and the document was executed in New York. There are documents in my possession supporting this allegation.

4. Under the Members' Agreement, the defendants retained and did business with PricewaterhouseCoopers located in New York.

5. The directors for each defendant have an office and conduct meetings in New York. There are documents in my possession supporting this allegation.

6. The plaintiff communicated and did business with each defendant principal and employee in New York. There are documents in my possession supporting this allegation.

Mr. Pultman also seeks permission to dismiss the complaint under Rule 12(b)(6) since the complaint failed to state a cause of action for unjust enrichment.

As set forth in paragraph 9 the complaint, the defendant F&T Group is an umbrella organization comprised of a number of integrated real estate service companies. This includes TDC Development & Construction Corp. ("TDC") and F&T Nanjing WTC (Cayman) Corp. ("F&T Nanjing WTC"). The individuals operating F&T Group are the same individuals operating each of the other defendants, from a central location in Queens County, New York.

F&T Group together with subsidiaries of JP Morgan Greater China Property Fund ("GCPF") formed GCPF Hexi Holding Corp. ("GCPF Hexi"). F&T Group through its subsidiaries is a shareholder in GCPF Hexi. There are seven directors of GCPF Hexi. Three of GCPF Hexi's directors are also owners and directors of F&T Group. All of these entities revolve around Michael Lee.

Michael A. Markowitz
Attorney at Law

Page 3 of 3
Re: Chen v. F&T Group
October 14, 2009

Documents and depositions obtained during discovery will demonstrate that Michael Lee is:

1. CEO of F&T Group;

2. A shareholder, officer and director of TDC;

3. A shareholder, officer and director of F&T Nanjing WTC – part owner of GCPF Hexi; and,

4. A director of GCPF Hexi.

Michael Lee, as an officer of TDC, acted on behalf of F&T Group when Mr. Chen signed the finder's fee agreement. Michael Lee, as CEO of F&T Group and F&T Nanjing WTC, acted on behalf of GCPF Hexi when he used the information for the Nanjing Development Project (as defined in paragraph 15 in the complaint). As alleged in the complaint, all the defendants ratified and were enriched from the work labor and services provided by Mr. Chen, and will receive the benefits from the Nanjing Development Project.

In summary, it is respectfully requested that the Court denies the defendant's application to file a motion to dismiss the complaint until such time as discovery has been completed by the parties.

Respectfully,

Michael A. Markowitz

Fs/MAM

Cc: Mr. Jacob S. Pultman, Esq. (by e-mail only).
Mr. Peter G. Eikenberry, Esq. (by e-mail only).