UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X Civil Action No.: 09 cv 2944
ROY CHEN                                                                                          (RJD-CLP)
                                                                          AMENDED
                        Plaintiff,                                    COMPLAINT AND
                                                                          DEMAND FOR JURY TRIAL

        -against-

F&T GROUP and
TDC DEVELOPMENT & CONSTRUCTION CORP.
and F&T NANJING WTC (CAYMAN) CORP.
and F&T (NANJING) WORLD TRADE CENTER INC.
and GCPF HEXI HOLDING CORP.

                        Defendants.
------------------------------------------------------------------X

   The plaintiff ROY CHEN, as and for his amended complaint against the defendants F&T GROUP and TDC DEVELOPMENT & CONSTRUCTION CORP. and F&T NANJING WTC (CAYMAN) CORP. and F&T (NANJING) WORLD TRADE CENTER INC. and GCPF HEXI HOLDING CORP., by his attorney Michael A. Markowitz, P.C., alleges the following:

**PARTIES AND JURISDICTION**

1. At all times hereinafter mentioned, the plaintiff ROY CHEN ("Chen") was and is an individual residing at 85 Camp Avenue, Stamford, State of Connecticut.

2. At all times hereinafter mentioned, and upon information and belief, the defendant F&T Group was and is a company formed and operating under the laws of the State of New York with an office located at 136-20 38th Avenue, 12th Floor, Flushing, in the County of Queens, City and State of New York.

3. At all times hereinafter mentioned, and upon information and belief, the defendant F&T NANJING WTC (CAYMAN) CORP. ("F&T Cayman") was and is a company

incorporated under the laws of the Cayman Islands with an office located at 136-20 38th Avenue, 12th Floor, Flushing, County of Queens, City and State of New York.

4. At all times hereinafter mentioned, and upon information and belief, the defendant F&T (NANJING) WORLD TRADE CENTER INC. ("F&T Nanjing") was and is a company incorporated under the laws of the British Virgin Islands with an office located at 136-20 38th Avenue, 12th Floor, Flushing, County of Queens, City and State of New York.

5. At all times hereinafter mentioned, and upon information and belief, the defendant GCPF HEXI HOLDING CORP. ("GCPF HEXI") was and is a company incorporated under the laws of the Cayman Islands with an office located at 245 Park Avenue, Floor 2, County of New York, City and State of New York.

6. At all times hereinafter mentioned, and upon information and belief, the defendant TDC DEVELOPMENT & CONSTRUCTION CORP. ("TDC") was and is a company incorporated under the laws of the State of New York with an office located at 136-20 38th Avenue, 12th Floor, Flushing, County of Queens, City and State of New York.

7. This Court has jurisdiction over this action pursuant to 28 U.S.C.A. § 1332(a). There is diversity of citizenship between plaintiff and defendants and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

8. Venue is proper in this district pursuant to 28 U.S.C.A. § 1391(a). TDC maintains its principal place of business in this district.

## FACTS COMMON TO ALL COUNTS

9. The F&T Group is an umbrella organization comprised of a number of integrated real estate services companies, including TDC, F&T Cayman, F&T Nanjing and GCPF Hexi. Its chief executive officer is Michael Lee. Through its real estate service companies, F&T Group provides acquisition, planning, design, development, construction and property management, as well as in the finances and marketing of residential, commercial and mixed-use projects for various real estate projects in New York, Shanghai and Nanjing China.

10. On or about January 18, 2007, Chen entered into a written agreement with F&T's partner, TDC, to provide financial and investment consulting services in the United States and in China ("Consulting Agreement").

11. Under the Consulting Agreement, Chen was responsible to review, analyze and underwrite real estate projects in China, to prepare an investment summary for various projects, to train TDC staff on the valuation, underwriting and financial analysis of commercial real estate projects such as retail, office, apartment or mixed use, to create financial models and investment summary templates, to collect market research data, and streamline the analytical process, to prepare an equity fund offering book, and to participate in equity fund raising.

12. Chen's term under the Consulting Agreement was for a period of 12 months, commencing on January 18, 2007. After the sixth month TDC had the option to terminate the Consulting Agreement by providing one month notice to Chen.

13. In consideration of his work, labor and services under the Consulting Agreement, TDC agreed to pay Chen $3,000 per month for the first six months. After the first six months the monthly fee would be renegotiated. TDC would also award Chen a fund raising management fee. Should Chen either individually or through his employer NorthMarq Capital provide equity fund raising, TDC agreed to pay Chen a percentage of the equity committed under a separate fee agreement for the following general fee structure (hereinafter referred to as the "Equity Fee"):

- Up to $20 million: 2% of total equity committed
- $20 million - $50 million: 1.5% of total equity committed
- $50 million - $100 million: 1% of total equity committed

TDC agreed to pay the Equity Fee only if the equity committed is introduced by Chen or NorthMarq Capital and accepted by TDC.

14. In or about January 2007, Chen began communicating with Yishan Huang, an employee for JPMorgan Asset Management. Ms. Huang was in the process of transferring to China to work at JPMorgan's Greater China Property Fund ("GCPF"). Chen arranged for Ms. Huang, together with other officers of GCPF, to meet Mr. Michael Lee, and other officers of F&T Group and TDC, to arrange an investment opportunity in China.

15. In or about May 2007, Chen arranged a site visit with Ms. Huang and Mr. David Chen, Chief Investment Officer of GCPF, to inspect various projects operated by F&T Group. As a result of the site visit, GCPF became interested in a development project known as "Nanjing World Trade Center" located in Hexi New City area in the city of Nanjing, China ("Nanjing Development Project"). Under the

Nanjing Development Project, F&T Group would acquire land from the local government to build and manage over 2 million square feet of office, hotel, retail and luxury residential apartments.

16. For several months after the site visit, Chen negotiated with GCPF to invest in the Nanjing Development Project. On November 30, 2007, F&T Group and GCPF entered into an agreement whereby, among other things, each would create an entity that would have a percentage ownership of an offshore holding company.

17. Upon information and belief, F&T Group and/or Michael Lee created F&T Nanjing and F&T Cayman. GCPF created GCPF Cayman Holding 3 Corp. and GCPF (Barbados) Holdings 5 SRL. Together, those entities became members of GCPF HEXI, which was formed in or about June 2008. GCPF HEXI would ultimately be responsible for the Nanjing Development Project.

18. In or about July 2008, GCPF, through its associated entities, invested $11.78 million toward the land acquisition together with predevelopment expenses for the Nanjing Development Project. Upon information and belief, GCPF, through its associated entities will invest approximately $33 million toward the Nanjing Development Project.

19. Upon discovery that GCPF, through its associated entities, invested $11.78 million toward the land acquisition, Chen requested that Michael Lee honor the Consulting Agreement and pay the Equity Fee. F&T Group and TDC have thus far failed to acknowledge or satisfy its obligations under the Consulting Agreement as set forth in this complaint. Chen now seeks to enforce the contractual representations and promises under the Consulting Agreement.

## COUNT I
### (Breach of Contract)

20. Plaintiff repeats the allegations set forth in paragraphs 1 through 19 with the same force and effect as if set forth herein.

21. Under the Consulting Agreement, among other things, F&T Group, through its partner and agent TDC, agreed to pay Chen $3,000 per month payable at the end of each month for a period of six (6) months.

22. Chen fully performed and provided the aforesaid consulting services for F&T Group, through its partner and agent TDC, under the terms and conditions of the Consulting Agreement.

23. That despite due demand, F&T Group, through its partner and agent TDC, failed to pay Chen the sum of $1,645.09 for the period from January 1, 2008 through January 17, 2008.

24. That by reason of the premises, Chen demands judgment against F&T Group and TDC in the sum of $1,645.09 with interest from January 17, 2008.

## COUNT II
### (Breach of Contract)

25. Plaintiff repeats the allegations set forth in paragraphs 1 through 24 with the same force and effect as if set forth herein.

26. Under the terms and conditions of the Consulting Agreement, TDC, as the partner and agent for F&T Group, agreed to pay Chen, among other things, an Equity Fee for equity investment introduced by Chen and accepted by F&T Group through its partner and agent, TDC.

27. In or about July 2008, and through the work, labor and services provided by Chen, GCPF, through its associated entities, invested $11.78 million toward the land acquisition together with predevelopment expenses for the Nanjing Development Project.

28. Under the terms and conditions of the Consulting Agreement, there was due and owing to Chen an Equity Fee in the sum of $235,600 that F&T Group, through its partner and agent, TDC failed to pay despite due demand.

29. That by reason of the premises, Chen demands judgment against F&T Group and TDC in the sum of $235,600 with interest from January 17, 2008.

## COUNT III
### (Breach of Contract)

30. Plaintiff repeats the allegations set forth in paragraphs 1 through 29 with the same force and effect as if set forth herein.

31. Upon information and belief, GCPF, through its associated entities, will invest approximately $78 million toward the Nanjing Development Project.

32. Under the terms and conditions of the Consulting Agreement, there will be due and owing to Chen an Equity Fee in the approximate sum of $780,000.

33. F&T Group, through its partner and agent TDC, repudiated and failed to make payment for any Equity Fee due and owning under the Consulting Agreement.

34. That by reason of the premises, Chen demands judgment against F&T Group and TDC in an amount to be determined at trial, but which is in excess of $780,000.

## COUNT IV
### (Unjust Enrichment)

35. Plaintiff repeats the allegations set forth in paragraphs 1 through 34 with the same force and effect as if set forth herein.

36. On or about June 30, 2008, F&T Group by its partners and agents (F&T Cayman and F&T Nanjing) entered into an agreement with GCPF's subsidiaries (GCPF Cayman Holding 3 Corp. and GCPF (Barbados) Holdings 5 SRL to form GCPF HEXI.

37. F&T Group by its partners and agents (F&T Cayman and F&T Nanjing) were able to form GCPF HEXI and proceed with the Nanjing Development Project through information received from F&T Group's partner, TDC.

38. The officers of F&T Group which include, among others, Michael Lee (Chairman and CEO of F&T Group), Sunny Chiu (Vice-Chairman of F&T Group),Michael Meyer (President of TDC), and Christian Lee (Principal F&T Group) were also officers and directors of GCPF HEXI, F&T Cayman and F&T Nanjing.

39. Michael Lee, Sunny Chiu, Michael Meyer, Christian Lee, among others, operate TDC, F&T Cayman, F&T Nanjing and GCPF HEXI in the same location as F&T Group.  The entities use the same telephone number.  The same staff that operates F&T Group and its partner, TDC (Michael Lee, Sunny Chiu, Michael Meyer, Christian Lee, among others) also operates F&T Cayman, F&T Nanjing and GCPF HEXI.

40. F&T Group represented to the public and published, through the internet and other means, that it "gained credibility with the Chinese government and is fast at work

on landmark development opportunities in the country, including the [Nanjing Development Project]." F&T Cayman, F&T Nanjing and GCPF HEXI are also involved with the Nanjing Development Project.

41. Michael Lee, Sunny Chiu, Michael Meyer, Christian Lee, among others, as officers and directors of F&T Group, TDC, F&T Cayman, F&T Nanjing, and GCPF HEXI, caused TDC to deliver Chen's work product without sufficient consideration (money or otherwise ) given to TDC.

42. As a direct result from Chen's work product, GCPF, through its associated entities, invested $11.78 million with GCPF HEXI toward the land acquisition together with predevelopment expenses for the Nanjing Development Project.

43. Under the terms and conditions of the Consulting Agreement, there was due and owing to Chen for an Equity Fee the sum of $235,600 that F&T Group and its partner, TDC failed to pay despite due demand.

44. F&T Cayman, F&T Nanjing, and GCPF HEXI, each as the partner and/or alter ego of F&T Group and its partner TDC, were unjustly enriched by using the work, labor and services provided by Chen under the Consulting Agreement without payment of the Equity Fee by TDC.

45. That by reason of the premises, Chen demands judgment against F&T Group, TDC, F&T Cayman, F&T Nanjing, and GCPF HEXI in the sum of $235,600 with interest from January 17, 2008.

## COUNT V
### (Unjust Enrichment)

46. Plaintiff repeats the allegations set forth in paragraphs 1 through 45 with the same force and effect as if set forth herein.

47. Upon information and belief, GCPF, through its associated entities, will invest approximately $78 million toward the Nanjing Development Project.

48. Under the terms and conditions of the Consulting Agreement, there will be due and owing to Chen an Equity Fee in the approximate sum of $780,000.

49. F&T Group through its partner and agent, TDC, repudiated and failed to make payment for any Equity Fee due and owning under the Consulting Agreement.

50. F&T Cayman, F&T Nanjing, and GCPF HEXI, each as the partner and/or alter ego of F&T Group and its partner TDC, were unjustly enriched by using the work, labor and services provided by Chen under the Consulting Agreement without payment of the Equity Fee by TDC.

51. That by reason of the premises, Chen demands judgment against F&T Group, TDC, F&T Cayman, F&T Nanjing, and GCPF HEXI in an amount to be determined at trial, but which is in excess of $780,000.

## COUNT VI
### (Tortious Interference with Brokerage Contract)

52. Plaintiff repeats the allegations set forth in paragraphs 1 through 51 with the same force and effect as if set forth herein.

53. F&T Group, F&T Cayman, F&T Nanjing, and GCPF HEXI through Michael Lee, Sunny Chiu, Michael Meyer, Christian Lee, and others, had knowledge of Chen's Equity Fee arrangement under the Consulting Agreement.

54. F&T Group, F&T Cayman, F&T Nanjing, and GCPF HEXI through Michael Lee, Sunny Chiu, Michael Meyer, Christian Lee, and others, did obtain, use and benefitted from the work, labor, services and information provided by Chen to TDC.

55. As a result of the actions of Michael Lee, Sunny Chiu, Michael Meyer, Christian Lee, and others, on behalf of F&T Group, F&T Cayman, F&T Nanjing, and GCPF HEXI, TDC failed and refused to make payment under the Equity Fee arrangement under the Consulting Agreement to Chen.

56. As a result of the actions of Michael Lee, Sunny Chiu, Michael Meyer, Christian Lee, and others, on behalf of F&T Group, F&T Cayman, F&T Nanjing, and GCPF HEXI, TDC delivered Chen's work product to F&T Group, F&T Cayman, F&T Nanjing, and GCPF HEXI without any consideration given to TDC.

57. That by reason of the defendants' tortious interference of Chen's contract with TDC, Chen demands judgment against F&T Group, F&T Cayman, F&T Nanjing, and GCPF HEXI in an amount to be determined at trial.

WHEREFORE, plaintiff Roy Chen demands judgment against defendants as follows:

a) For Count I against F&T Group and TDC in the sum of $1,645.09 for the period from January 1, 2008 through January 17, 2008;

b) For Count II against F&T Group and TDC in the sum of $235,600 with interest from January 17, 2008;

c) For Count III against F&T Group and TDC in an amount to be determined at trial but which is currently in excess of $780,000;

d) For Count IV against F&T Group, TDC, F&T Cayman, F&T Nanjing, and GCPF HEXI in the sum of $235,600 with interest from January 17, 2008;

e) For Count V against F&T Group, TDC, F&T Cayman, F&T Nanjing, and GCPF HEXI in an amount to be determined at trial but which is currently in excess of $780,000;

f) For Count VI against F&T Group, TDC, F&T Cayman, F&T Nanjing, and GCPF HEXI in an amount to be determined at trial; and,

g) That the Court grant plaintiff costs of this litigation, including attorneys' fees; and

h) That the Court grants plaintiff such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

Dated: Nassau, New York
December 28, 2009

*[signature]*
Michael A. Markowitz (MM/5908)
Attorney for Plaintiff
1553 Broadway
Hewlett, NY  11557
(516) 295-9061